# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MD HELICOPTERS, INC.,<br><br>Debtor. | Bankruptcy Case No. 22-10263 (KBO) |
| THE STATE OF THE NETHERLANDS,<br>Appellant,<br>v.<br>MD HELICOPTERS, INC,<br>Appellee. | C.A. No. 22-828-RGA<br><br>Bankr. BAP No. 22-039 |

## **RECOMMENDATION**

At Wilmington, this **1ˢᵗ** day of **August**, **2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, this judge conducted an initial review which included information from counsel to determine the appropriateness of mediation in this matter.

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process for the following reasons noted below.

This Appeal addresses a June 17, 2022 Order (the "Sale Order") of Judge Karen B. Owens of the Bankruptcy Court which authorized and approved the sale of substantially all of the Debtors' assets free and clear of any liens, claims and encumbrances and the assumption and assignment of certain executory contracts and expired leases in connection therewith and granted related relief.  This bench ruling was issued on June 17, 2022 in connection with the Sale Order.   Thereafter, this Court in a July 1, 2022 order, denied the Emergency Motions for certification to the Supreme Court of Arizona and the Emergency Motions for stay filed in the present matter and the related appeal (C.A. No. 22-702-RGA).  See 22-702 RGA at D.I. 3, 12, 14 (memorandum opinion) and 15 (July 1 Order).

As noted in this Judge's prior Recommendation, the parties have not previously and are not presently involved in any ADR process.  In the 22-702-RGA matter, the Parties agreed that mediation would not be productive at that time and this Judge recommended that the appeal be withdrawn from mandatory mediation.  See D.I. 17 Judge Andrews adopted the Recommendation and withdrew the appeal in 22-702 at D.I. 19.  However, the Parties disagree as to whether mediation would be productive now.

The Debtor opposes court ordered mediation for the following reasons:  the Parties previously engaged in unfruitful settlement discussions and there is no reason to believe court-assisted mediation would be productive, and mediation is likely to be unsuccessful in light of the nature of the issues on appeal and the Parties' respective positions.  Appellant maintains that the Bankruptcy Court's Sale Order erred in authorizing the sale of Appellees' assets free and clear of its lien.

Appellees contend that any "belated" objection to the sale by Appellant would fail and they claim to have produced "uncontroverted evidence" that the Buyer proceeded in good faith in the sale process which entitled it to the protections of the Bankruptcy Code.

The Netherlands claims that since the stay litigation is resolved, now would be an appropriate time for all parties to mediate this Appeal and the Initial Appeal in 22-702-RGA.  The Netherlands reserves its rights on any other substantive issues in these appeals.

Despite the above, the Parties agree that continued discussion about potential mediation may be helpful and jointly request this Court to defer a decision on mediation while their settlement discussions are continuing.  They further request that this Court not set a briefing schedule at this time.  In the Initial Appeal, the Parties agreed that this Court should defer setting a briefing schedule until Appellant's certification is resolved.  Although Judge Andrews denied Appellant's request for certification in his July 1, 2022 Order, it believes that certification to the Arizona Supreme Court remains warranted and has appealed his decision to the Third Circuit.  The Parties agree that this Court should defer setting a briefing schedule in this matter and in 22-702-RGA until after the Third Circuit appeal is resolved.  As a result, the Parties propose that following a decision by the Third Circuit, they meet and confer regarding a briefing schedule in the present Appeal and in 22-702-RGA.

After this Judge's review of her initial Recommendation in 22-702 dated June 23, 2022 and the Parties submissions in that matter, the joint submission by the Parties on July 22, 2022 in the present matter and the docket entries of this Court in both appeals,

IT IS THEREFORE RECOMMENDED that pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), that this Appeal be temporarily withdrawn from the mandatory mediation referral.  At the present stage, because of the status of the litigation in the present Appeal, the appeal in 22-702, and the appeal to the Third Circuit, mediation efforts would not be worthwhile.  This Judge further recommends that the Parties, in both the present matter and in 22-702-RGA, be ordered to discuss mediation with her after the decision is rendered by the Third Circuit to enable a more thorough evaluation whether mediation in the present appeal and in 22-702 RGA should be ordered.

     Local counsel are obligated to inform out-of-state counsel of this Recommendation.

Dated: August 1, 2022                                /s/ Mary Pat Thynge
                                                                   Chief U.S. Magistrate Judge